UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PEDRO ENRIQUE VARGAS NEIRA,

*Petitioner*,

v. Case No. 3:26-cv-2165-JEP-PDB

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

*Respondents*.
_______________________________/

**ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an order directing Respondents to provide him with a bond hearing or release him. (*See* Doc. 1 at 8). He contends that his "detention without a bond hearing violates procedural due process." (*Id.* at 6–7 (emphasis omitted) (citing *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026))).

On August 31, 2026, the Federal Respondent filed a response conceding that Petitioner is eligible for a bond hearing under 8 U.S.C. § 1226(a) and advising that it "does not oppose the Court ordering Petitioner an individualized bond redetermination hearing[.]" (Doc. 7 at 1–2). Based on the

Federal Respondent's understanding that the petition asserts a claim under § 1226(a) and Petitioner's citation to the Eleventh Circuit's *Hernandez-Alvarez* decision, this Court construes the petition to assert a claim under that statute. *See United States v. Ogiekpolor*, 122 F.4th 1296, 1304 (11th Cir. 2024) ("[Courts] liberally construe *pro se* filings.").

Accordingly, it is **ORDERED**:

1. The petition for a writ of habeas corpus (Doc. 1) is **GRANTED** as to Petitioner's claim that his mandatory detention violates the Immigration and Nationality Act. Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a)[1] or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.
2. The Warden's motion to dismiss (Doc. 6) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*,

[1] Petitioner is not entitled to immediate release. *See Portillo v. Gualtieri*, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting *Molina v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).

No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).

3. The **Clerk** shall enter judgment granting the petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on September 13, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
pro se Petitioner
Counsel of Record